# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-103-FDW

| | |
|---|---|
| ERIC L. GREEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ERIC DYE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 2), and on Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 9). On July 10, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Eric Green is a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on June 15, 2017, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants who all are alleged to have been employed at Alexander at all relevant times. Plaintiff purports to bring an Eighth Amendment claim against Defendants for deliberate indifference to serious medical needs based on Defendants' refusal to provide him with medical care for his serious medical needs related to his dental problems, including denying him a soft food diet that he requires because he has had all of

his teeth pulled.[1]  Plaintiff seeks damages and injunctive and declaratory relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.  In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate.  Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76

---

[1]  Plaintiff also states that he is bringing a state law claim for negligence.

(4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim for deliberate indifference to serious medical

3

needs is not clearly frivolous. Thus, this action survives initial review as to all Defendants except for Defendant Eric Dye, Assistant Warden at Alexander. As to Defendant Dye, Plaintiff has not alleged any personal participation by Defendant Dye in the factual allegations in Plaintiff's Complaint. Individual liability under Section 1983 must be based on personal participation in the constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under Section 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Defendant Dye cannot be held liable for the alleged acts of other persons based merely on his supervisory position.[2] Thus, the action will not go forward as to Defendant Dye in his individual capacity.

Next, in support of his motion to appoint counsel, Plaintiff states, among other things, that he is incarcerated, he has limited knowledge of the law, the issues involved in this case are complex, and he has attempted to obtain an attorney to represent him to no avail. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

---

[2] A supervisor may be liable for acts of his subordinates if (1) the supervisor is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff does not allege any facts to support a finding of supervisor liability based on these three elements.

Finally, Plaintiff has filed a "Motion for Leave to File Amended Complaint," in which he states that he would like to add one additional defendant after conducting discovery to determine that defendant's name. This Court will grant the motion for leave to file to the extent that, once some or all of the other named Defendants are served and have responded, the Court will allow Plaintiff to conduct limited discovery to learn the name of the additional John Doe Defendant.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff has alleged a claim for deliberate indifference to serious medical needs sufficient to survive this Court's initial review as to all Defendants except for Defendant Eric Dye.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e), as to all Defendants except for Defendant Eric Dye.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 2), is **DENIED**.

3. Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 9), is **GRANTED** in accordance with the terms of this Court's order.

4. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge