UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-103-FDW

| ERIC L. GREEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| ERIC DYE, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on a motion to dismiss, (Doc. No. 27), filed by Defendant Marilyn Gamewell, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending is Defendant Gamewell's Motion to Stay Scheduling Order, Motion for Protective Order, (Doc. No. 35). Defendant is represented by Elizabeth McCullough and Madeleine Pfefferle of Young, Moore and Henderson, P.A.

**I. BACKGROUND**

Pro se Plaintiff Eric L. Green is a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on June 15, 2017, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants who are all alleged to have been employed at Alexander at all relevant times. Plaintiff purports to bring an Eighth Amendment claim against Defendants for deliberate indifference to serious medical needs based on Defendants' refusal to provide him with medical care related to his dental problems, including denying him a soft-food diet that he requires because he has had all of his teeth pulled. Plaintiff also states that he is bringing a state law claim for negligence. Plaintiff seeks damages and

1

injunctive and declaratory relief.

On September 29, 2017, the Court conducted a frivolity review and allowed Plaintiff's deliberate indifference claim against various Defendants to proceed. (Doc. No. 12). The parties are currently in discovery, with dispositive motions due on November 5, 2018. (Doc. No. 42). Defendant Gamewell, a nurse at Alexander at all relevant times, has now filed the pending motion to dismiss under Rule 12(b)(6), arguing that Plaintiff has not sufficiently stated a claim for deliberate indifference to serious medical needs against her. Defendant also moves for dismissal of Plaintiff's state law claim for medical malpractice. Gamewell filed the pending motion to dismiss on February 26, 2018. (Doc. No. 27). On March 7, 2018, this Court entered an order giving Plaintiff notice of his right to respond to the motion to dismiss. (Doc. No. 33). On March 21, 2018, Plaintiff filed his response to the motion to dismiss. (Doc. No. 34).

**II.    STANDARD OF REVIEW**

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

2

## III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v.

3

Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In support of his deliberate indifference claim, Plaintiff alleges that all of his teeth were extracted during several dental visits in 2016. (Doc. No. 1 at ¶¶ 17-19). Plaintiff alleges that he requested a soft-food diet after his extractions. (Id. at ¶ 20). Plaintiff alleges that on January 28, 2017, he submitted a sick-call appointment request to address headaches and gum pain that he was experiencing following the extractions. (Id. at ¶ 21). Plaintiff alleges that on March 11, 2017, Gamewell ordered Plaintiff a "mechanical" diet, which consisted of "soft ground meats only." (Id. at ¶ 31). Plaintiff alleges that on March 19, 2017, after the kitchen staff failed to feed him the soft-food diet that he needed, he wrote a letter to Gamewell and Defendant Wilcox, the prison dietician, informing them that he was not receiving the correct diet. (Id. at ¶ 32). Plaintiff alleges that Gamewell was deliberately indifferent and negligent for not following-up to ensure that Plaintiff was receiving the correct meals. (Id. at ¶ 52). Specifically, Plaintiff alleges:

> Defendant Mrs. Gamewell, food-prescribing provider, was deliberat[ely] indifferen[t] and negligen[t] to the Plaintiff's serious medical need in violation of the Eighth Amendment of the United States Constitution for not follow[ing] up to see if Plaintiff was getting his right meals, violation of the Eighth Amendment for negligence under the federal statues of the U.S. Constitution laws.

(Id.).

A § 1983 action must fail where the plaintiff fails to allege that the defendant personally

4

denied plaintiff's constitutional rights.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).  When attempting to assert a claim for deliberate indifference based on a health care provider's failure to follow-up to ensure that the plaintiff is receiving the prescribed care, the plaintiff must show that the health care provider knew his or her orders were not being implemented.  See Sawyer v. Stolle, 2:11cv446, 2011 WL 6396592 at *6 (E.D. Va. Dec. 20, 2011).  The Court may dismiss a complaint that contains conclusory allegations unsupported by any averment of facts.  Mason v. Potter, 81 Fed. Appx. 767, 768 (4th Cir. 2003).  Further, the presence "of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts cannot support a finding of deliberate indifference."  Young, 238 F.3d 567, 577 (4th Cir. 2001).

     Here, Plaintiff failed to plead facts that infer more than a mere possibility of misconduct by Gamewell.  Plaintiff alleges that Gamewell ordered a mechanical diet, consisting of soft, ground meats only, as he requested.  (Doc. No. 1 at ¶¶ 20, 31).  He further alleges that, a week after Gamewell ordered his diet, he sent her a letter, stating that he was not receiving meals based on the recommendation she made.  (Id. at ¶ 32).  Plaintiff then alleges, in conclusory fashion, that Gamewell was deliberately indifferent and negligent by not following up to ensure that Plaintiff was receiving his proper diet.  (Id. at ¶ 52, § A ¶ 2 at 19).  Nowhere in the Complaint does Plaintiff allege that Gamewell received his letter or knew by any other means that he was not receiving the diet that she ordered, or that she was responsible for providing him with his food trays.  See (Doc. No. 1).   Thus, Plaintiff's Complaint contains only allegations of care provided by Gamewell—care that was consistent with Plaintiff's requests—and only conclusory statements that Gamewell was deliberately indifferent and negligent.  See (Doc. No. 1 at ¶¶ 31-32, 52).  Plaintiff does not allege that Gamewell was personally involved in depriving

him of a soft diet, nor does Plaintiff allege that Gamewell deprived him of adequate medical care. Most of Plaintiff's Complaint alleges that officers and kitchen staff were the persons who continued to fail to provide him with the ordered diet, despite Gamewell's orders. (Doc. No. 1 at ¶¶ 32-41). Indeed, Plaintiff's Complaint even states that "at least the medical staff [which included Gamewell] tried to do what they could to help Plaintiff[.]" (Id. at ¶ 25). In sum, Plaintiff has failed to state a claim for deliberate indifference against Gamewell.[1]

At most, Plaintiff has alleged a claim of medical negligence against Gamewell, and Plaintiff's Complaint attempts to assert this additional state law claim. (Doc. No. 1 at 2). Plaintiff failed to comply, however, with the North Carolina's legal requirements for pursuing a medical malpractice claim. Rule 9(j) of the North Carolina Rules of Civil Procedure requires plaintiffs asserting medical malpractice actions to obtain an expert review of "the medical care and all medical records" before filing a lawsuit, and for a medical expert to certify that. N.C. GEN. STAT. § 1A-1, Rule 9(j). Plaintiff failed to include a Rule 9(j) expert witness certification as to his medical malpractice allegations, nor did he file a motion to qualify any reviewing expert "with the complaint," as required by Rule 9(j)(2), nor did he mention the common law doctrine of res ipsa loquitur doctrine or allege any facts giving rise to application of that doctrine. In sum, because Plaintiff failed to comply with Rule 9(j), Plaintiff's state law medical negligence claim

---

[1] The Court notes that, in any event, to the extent that Plaintiff has sued Gamewell in her official capacity, she is entitled to Eleventh Amendment immunity from damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995). Furthermore, to the extent that Plaintiff seeks punitive damages from Gamewell, he is not entitled to punitive damages because he has not alleged that Gamewell acted with malice or with willful intent to deprive Plaintiff of his constitutional rights. Bennett v. Reed, 534 F. Supp. 83, 87 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982).

must be dismissed.[2] <u>Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc.</u>, 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004) (failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim filed in federal court); <u>Frazier v. Angel Med. Ctr.</u>, 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004) (same).

### IV. CONCLUSION

For the reasons stated herein, Defendant Gamewell's motion to dismiss is granted, and Defendant Gamewell is dismissed as a Defendant in this action.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendant Gamewell's Motion to Dismiss, (Doc. No. 27), is **GRANTED**, and Defendant Gamewell is dismissed as a Defendant. The remaining Defendants shall remain in this action, with dispositive motions due on November 5, 2018.

(2) Defendant Gamewell's Motion to Stay Scheduling Order, Motion for Protective Order, (Doc. No. 35), is **GRANTED** to the extent that Gamewell is being dismissed as a Defendant.

Signed: August 30, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] The Court notes that, although the other Defendants have not joined in the motion to dismiss, the dismissal of Plaintiff's medical malpractice claim necessarily applies to them as well because Plaintiff has not provided a Rule 9(j) certification as to any of the named Defendants.

7